UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRINA RENEE NAULT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 3:10-CV-05762-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 11.) This matter has been fully briefed. (See ECF Nos. 13, 16, 17.)

    After considering and reviewing the record, the Court finds that the ALJ's failure to address the lay testimony provided by plaintiff's husband and failure to address the lay statement provided by plaintiff's mother cannot be considered harmless errors. The Court also finds that the ALJ failed to evaluate properly plaintiff's credibility and testimony. For these reasons, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the administration for further consideration.

## BACKGROUND

Plaintiff, TRINA RENEE NAULT, worked as a cook and day care provider at a day care center from April, 1997 and April, 2003 (Tr. 220). Plaintiff has reported earnings between 1996 and 2004 (Tr. 211). She was twenty-six years old on her alleged disability date of May 15, 2006 (Tr. 205). It is undisputed that plaintiff suffers from degenerative disc disease, diabetes, mellitus with peripheral and autonomic gastroparesis neuropathy, tenosynovitis (hands), hypoglycemia, and depression. Tr. 122.

## PROCEDURAL HISTORY

Plaintiff filed applications for Title XVI Supplemental Security Income and Title II Disability Insurance Benefits, alleging disability since May 15, 2006 (Tr. 205-10). Her applications were denied initially and following reconsideration and plaintiff's requested hearing was held on August 5, 2009 before Administrative Law Judge Gary Suttles ("the ALJ") (Tr. 55-112, 113-16). On August 26, 2009, the ALJ issued a written decision concluding that plaintiff had not been under a disability as defined in the Social Security Act (Tr. 120-130). On August 20, 2010, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3). See 20 C.F.R. § 404.981.

Plaintiff attached the underlying complaint to her Motion for Leave to Proceed *in forma pauperis* on October 15, 2010, seeking judicial review of the ALJ's written decision (ECF No. 1). In her opening brief, plaintiff alleges that the ALJ erred (1) by failing to address testimony from plaintiff's husband as well as a written statement from plaintiff's mother; (2) by rejecting plaintiff's testimony without clear and convincing reasons; (3) by rejecting opinions from two treating nurse practitioners; (4) by formulating a residual functional capacity ("RFC") without

following Social Security Ruling "SSR" 96-8 and without considering all of the evidence; and, (5) by erring in steps four and five of the sequential disability evaluation process (ECF No. 13, p. 1).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial

evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

However, "regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for h[is] decision and [the courts] confine our review to the reasons supplied by the ALJ." Steele v. Barnhart, 290 F.3d 936, 941(7th Cir. 2002) (*citing* SEC v. Chenery Corp., 318 U.S. 80, 93-95 (1943) (other citations omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted); Griemsmann v. Astrue, 147 Soc. Sec. Rep. Service 286, 2009 U.S. Dist. LEXIS 124952 at *9 (W.D. Wash. 2009) (*citing* Blakes v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003)). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, 454 F.3d at 1054 (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)).

## DISCUSSION

1. <u>The ALJ failed to evaluate properly the lay testimony and evidence.</u>

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," see 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources." See 20 C.F.R. § 404.1513 (d)(4); see also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)). An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." Turner,

supra, 613 F.3d at 1224 (*citing* Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because "[i]n determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout, 454 F.3d at 1053 (*citing* Dodrill, 12 F.3d at 919).

Recently, the Ninth Circuit characterized lay witness testimony as "competent evidence," again concluding that in order for such evidence to be disregarded, "the ALJ must provide 'reasons that are germane to each witness.'" Bruce, 557 F.3d at 1115 (*quoting* Van Nguyen, supra, 100 F.3d at 1467). Testimony from "other non-medical sources," such as friends and family members, see 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any abstract potential financial interest in the claimant's disability benefits. Valentine v. Comm'r SSA, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff's mother and husband both contributed lay evidence as "other non-medical sources," pursuant to the relevant federal regulation. See 20 C.F.R. § 404.1513 (d)(4).

a. Plaintiff's mother

Plaintiff's mother, Ms. Karen Page, ("Ms. Page"), provided a lay statement regarding plaintiff's impairments (Tr. 257-72). She stated, among other things, that plaintiff's impairments affected her ability to lift, carry, reach and use her hands (Tr. 260). Ms. Page provided examples, in that plaintiff used to be able to lift her child's car seat, but no longer could do so because of her inability to grip (id.). Similarly, Ms. Page indicated that although plaintiff had previously been able to carry a bag of groceries, she no longer could lift one because she had trouble hanging on to it (id.).

The ALJ did not address this lay testimony, however. Apparently, the ALJ did not credit fully Ms. Page's statement regarding plaintiff's inability to grasp, because he found plaintiff

capable of "frequent grasping" (Tr. 123). The Ninth Circuit on multiple occasions has concluded that in order for lay evidence to be disregarded, "the ALJ must provide 'reasons that are germane to each witness.'" See, e.g., Bruce, 557 F.3d at 1115; Van Nguyen, 100 F.3d at 1467. Therefore, the ALJ's failure to provide any reason to reject Ms. Page's lay statement is legal error.

In Stout, the Ninth Circuit reviewed the harmless error standard across multiple Ninth Circuit cases, and observed that "in not one of these cases did we conclude, as the Commissioner requests we do here, that an ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work was harmless." Stout, 454 F.3d at 1055-56 (citation omitted). As the court noted, "we, along with our sister circuits, have consistently reversed the Commissioner's decisions for failure to comment on such competent [lay] testimony." Id. at 1056 (citations to 9th Circuit, 7th Circuit, 11th Circuit, 10th Circuit and 3rd Circuit omitted). After completing its review of the relevant cases on point, the Ninth Circuit concluded that "[i]n light of these cases, we hold that where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056 (reviewing cases).

Because Ms. Page stated that plaintiff was impaired functionally regarding her ability to use her hands and to grip objects and because these functional impairments likely would have impaired plaintiff's ability to work, the Court cannot conclude with confidence that no reasonable ALJ could have reached a different disability determination when fully crediting the lay statement by Ms. Page. See Stout, 454 F.3d at 1056. Therefore, this Court cannot find the ALJ's legal error in failing to mention Ms. Page's statement to be harmless. See id.

b.  Plaintiff's husband

Plaintiff's husband, Mr. Robert C. Fox, ("Mr. Fox"), provided lay testimony regarding plaintiff's impairments (Tr. 92-100). Among other testimony, Mr. Fox testified under oath that plaintiff often has low blood sugar (Tr. 93). He further testified that when this occurs, plaintiff gets very disoriented, doesn't know where she's at or what she's saying, and that sometimes she hallucinates (id.). He testified that if plaintiff's blood sugar gets very low, she gets combative (id.) He also testified that when plaintiff's blood sugar gets very high, she gets angry and belligerent and "can get real vicious and mean" (Tr. 94).

The ALJ failed to address the lay testimony provided by Mr. Fox, yet found that plaintiff was "able to get along with others, understand detailed instructions, concentrate on and perform detailed tasks, and respond and adapt to changes in the workplace and supervision," without any limitations on these abilities to function in the workplace (Tr. 123-24).

Because Mr. Fox's testimony strongly suggests that plaintiff was impaired functionally regarding her ability to get along with others, understand detailed instructions, concentrate on and perform detailed tasks, and respond and adapt to changes in the workplace and supervision, and because these functional impairments likely would have impaired plaintiff's ability to work, the Court cannot conclude with confidence that no reasonable ALJ could have reached a different disability determination when fully crediting the lay testimony by Mr. Fox. See Stout, 454 F.3d at 1056. Therefore, this Court cannot find this legal error to be harmless. See id.

Because of these errors in the evaluation of the lay evidence and based on a review of the relevant record, the Court concludes that this matter must be reversed and remanded to the administration for further consideration.

1         2. <u>The ALJ failed to evaluate properly plaintiff's credibility and testimony.</u>

The ALJ's credibility determinations "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 722 (citation omitted). If an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so. <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" <u>Id.</u> at 972 (*quoting* <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999)); <u>Reddick</u>, 157 F.3d at 722 (citations omitted); <u>Smolen</u>, 80 F.3d at 1284 (citations omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." <u>Smolen</u>, 80 F.3d at 1284.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; <u>Smolen</u>, 80 F.3d at 1281 (*citing* <u>Cotton v. Bowen</u>, 799 F.2d 1403 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); <u>Smolen</u>, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing* <u>Cotton</u>, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific

1  "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, 80 F.3d at 1283-
2  84; Reddick, 157 F.3d at 722 (*citing* Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Swenson
3  v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

The ALJ found that plaintiff suffered from the severe impairments of "degenerative disc disease, diabetes mellitus with peripheral and autonomic gastroparesis neuropathy, tenosynovitis (hands) hypoglycemia, and depression" (Tr. 122). Although the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," and although the ALJ cites no evidence of malingering, the ALJ discounted plaintiff's credibility and testimony without providing clear and convincing reasons (Tr. 124-25). See Smolen, 80 F.3d at 1283-84; Reddick, 157 F.3d at 722. Even though an ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain," the ALJ supports his credibility finding mainly with citations to the objective medical evidence (see Tr. 125-27). Bunnell, 947 F.2d at 343, 346-47.

The only other factor that explicitly was considered by the ALJ when making his credibility determination was plaintiff's activities of daily living (Tr. 127). First, the Court notes that the ALJ indicated that plaintiff testified that she could stand for 75 minutes, however a review of the relevant record reveals that plaintiff testified that she can stand for "maybe fifteen minutes" (Tr. 73, 124, 127). The ALJ indicated that plaintiff testified that she could sit for an hour and walk from 3 to 4 blocks (Tr. 127). The ALJ also noted that plaintiff's activities of daily living included walking with her child to school, checking her blood sugar, talking with her mother, doing laundry, doing grocery shopping with her husband, attending church, walking six

blocks to see her doctor every other month, using the bus and traveling to Mexico and to Hawaii (Tr. 127).

Regarding activities of daily living, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007 (*quoting* Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination:" (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." Orn, 495 F.3d at 639 (*citing* Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." Orn, 495 F.3d at 639 (*quoting* Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)).

The ALJ here discredited plaintiff's testimony and credibility by finding that plaintiff's "actual activities of daily living reveal a significantly greater physical and mental functional ability than alleged" (Tr. 127). However, the ALJ failed to explain which activities of daily living contracted which alleged physical and mental functional limitations. Despite the fact that there are "two grounds for using daily activities to form the basis of an adverse credibility determination:" (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills," the ALJ here relied on plaintiff's activities of daily living to discredit plaintiff's testimony without explaining how plaintiff's activities of daily living contradicted any specific testimony of plaintiff and

without making any specific finding that plaintiff's activities of daily living were transferable to a work setting. Orn, 495 F.3d at 639. This was legal error.

Based on a review of the relevant record and for the reasons stated above, the Court concludes that the ALJ failed to provide "clear and convincing" reasons to discount plaintiff's credibility and testimony. See Smolen, 80 F.3d at 1283-84; Reddick, 157 F.3d at 722; Orn, 495 F.3d at 639.

    3. <u>The ALJ assigned to this matter on remand must assess anew plaintiff's residual functional capacity ("RFC").</u>

Based on a review of the relevant record and based on the ALJ's errors already discussed, the Court finds that the ALJ's finding regarding plaintiff's residual functional capacity was not based on substantial evidence in the record as a whole. Therefore, the ALJ assigned to this matter following remand must evaluate anew plaintiff's residual functional capacity and, to the extent necessary, make new findings at all steps of the five-step sequential disability evaluation process.

    4. <u>This matter should not be remanded for a direct award of benefits.</u>

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (*quoting* Smolen, 80 F.3d at 1292).

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292. Although the ALJ committed harmful legal by failing to consider the lay testimony and by failing to consider

properly plaintiff's credibility and testimony, the medical evidence in the record is not conclusive.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick, 157 F.3d at 722; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971)); see also Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980).

Therefore, remand is appropriate to allow the administration the opportunity to consider properly all of the lay evidence, as well as the medical evidence, as a whole and to incorporate the properly considered evidence into the consideration of plaintiff's credibility and residual functional capacity. See Sample, 694 F.2d at 642. Remanding the matter also will allow the administration the opportunity to consider fully the evidence that plaintiff submitted to the Appeals Council (See Plaintiff's Opening Brief, ECF No. 13, pp. 13-14).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter is **REVERSED** and **REMANDED** to the administration for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** is for plaintiff and the case should be closed.

Dated this 1st day of August, 2011.

J. Richard Creatura
United States Magistrate Judge